UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| RHONDA S. MASON, | ) | CASE NO. 4:18CV865-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

The Social Security Administration denied Plaintiff Rhonda S. Mason's application for period of disability ("POD") and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. ("Act"). Plaintiff sought review of the Commissioner's decision, and the case was referred to Magistrate Judge Jonathan D. Greenburg for preparation of a Report and Recommendation ("R&R") pursuant to 42 U.S.C. §1383(c)(3), 42 U.S.C. §405(g), and Local Rule 72.2(b)(1). The Magistrate Judge submitted an R&R that recommends this Court affirm the final decision of the Commissioner. Doc. 21. Plaintiff filed an objection, and Defendant filed a response. Docs. 22, 23. For the following reasons, the Court hereby overrules the objection and ADOPTS the report and recommendation of the Magistrate Judge.

The R&R adequately states the factual and procedural background of this case. Plaintiff has demonstrated no error in that background, so the Court will not reiterate those sections herein.

1

## I. STANDARD OF REVIEW

When a magistrate judge submits an R&R, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made. 28 U.S.C. §636(b). Objections to the R&R must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The Court's review of the decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Besaw v. Sec'y of Health & Human Services*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam)).

If substantial evidence supports the ALJ's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (*citing Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d

1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

## II. LAW AND ANALYSIS

Here, the ALJ issued a final decision in May 2017, finding that Plaintiff was not disabled during the relevant time period from September 3, 2013 through May 18, 2017. Thus, social security benefits were denied.

Plaintiff filed an objection, arguing that the ALJ's decision was not supported by substantial evidence. Doc. 22. Specifically, Plaintiff argues that the ALJ, and thus the Magistrate Judge, erred in that the ALJ failed to provide good reasons for giving less than controlling weight to the August 2015 of Dr. Kaza, Plaintiff's treating physician. *Id*.

Defendant disagrees, and maintains that the ALJ properly considered Dr. Kaza's opinion. Doc. 21 (citing Doc. 14, p. 11-13). The ALJ observed this opinion was inconsistent with Dr. Kaza's own treatment notes, as well as the other opinion evidence in the record. Defendant agrees with the ALJ that the record as a whole paints a less-restrictive picture of Plaintiff's mental functioning abilities than does Dr. Kaza's August 2015 opinion.

A treating source opinion must be given "controlling weight" if such opinion (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "is not inconsistent with the other substantial evidence in [the] case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). However, "a finding that a

treating source medical opinion …is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009). Indeed, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Blakely*, 581 F.3d at 408.

If the ALJ determines a treating source opinion is not entitled to controlling weight, "the ALJ must provide 'good reasons' for discounting [the opinion], reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). The Sixth Circuit has held that the failure to articulate "good reasons" for discounting a treating physician's opinion "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based on the record." *Rogers*, 486 F.3d at 243.

Nonetheless, the opinion of a treating physician must be based on sufficient medical data, and upon detailed clinical and diagnostic test evidence. *See Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Bogle v. Sullivan*, 998 F.2d 342, 347, 348 (6th Cir. 1993); *Blakely*, 581 F.3d at 406. Moreover, the "treating physician rule" only applies to medical opinions. "If the treating physician instead submits an opinion on an issue reserved to the Commissioner – such as whether the claimant is disabled, unable to work, the claimant's RFC, or the application of vocational factors – [the ALJ's] decision need only 'explain the consideration given to the treating source's opinion.'" *Johnson v. Comm'r of Soc. Sec.*, 535 Fed. App'x 498, 505 (6th Cir. 2013). The opinion, however, "is not entitled to any particular weight." *Turner*, 381 Fed. App'x at 493. *See also Curler v. Comm'r of Soc. Sec.*, 561 Fed. App'x 464, 471 (6th Cir. 2014).

Moreover, an ALJ must consider the findings and opinions of the state agency medical consultants, because the "Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1). When doing so, an ALJ will evaluate the findings using the relevant factors in §§ 404.1520b, 404.1520c and 404.1527, such as the consultant's medical specialty and expertise, the supporting evidence in the case record, consistency of the consultant's opinion with evidence from other sources in the record, supporting explanations the medical or psychological consultant provides, and any other factors relevant to the weighing of the opinions. 20 C.F.R. § 404.1513a(b)(2). Finally, an ALJ must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant unless a treating physician's opinion has been accorded controlling weight. *See* 20 C.F.R. § 404.1527(e).

Following a thorough and detailed discussion of the medical evidence, the ALJ weighed Dr. Kaza's opinion as follows:

> In addition, as ordered by the Appeals Council, I have considered the August 11, 2015, Medical Source Statement-Mental by Koteswaria R. Kaza, M.D., the claimant's treating psychiatrist. His source statement is given partial weight, as consistent with the objective and hearing level evidence as a whole, giving less weight to his opinions as to marked limitations, as they are not supported by the record at the time of his August 2015 nor thereafter. (Exhibit 15F) More specifically, he opined marked deficiencies of concentration, persistence, and pace, resulting in failure to complete tasks in a timely manner (in work settings or elsewhere) (Exhibits 15F/5), as well as marked limitations as to ability to interact with supervisor(s); deal with work stresses; function independently; maintain attention/concentration; understand, remember, and carry out complex job instructions; and understand, remember, and carry out detailed (not complex) job instructions (Exhibit 15F/2-5). However, when Dr. Kaza evaluated the claimant a few months earlier, on June 16, 2015, he found that her thought process was organized, and she was oriented times three. The claimant indicated that she had finished a grief group, and it helped her cope with things. In fact, she stated that the group went to the country club to

> eat, and since the group was over, she was trying to keep busy. Dr. Kaza advised the claimant to continue Adderall for concentration and focus as to everyday tasks, such as paying bills and grocery shopping, and he did not note any significant objective findings. He reported that the claimant was talkative, functioning, and denied suicidal thoughts and plans. (Exhibit 12F/20-21). This evidence is inconsistent with marked mental deficiencies and limitations. Otherwise, as to Dr. Kaza's August 2015 source statement, he opined that the claimant was "not significantly limited" to "moderately limited," which is more consistent with the objective and other hearing level evidence, and therefore, given greater weight. For example, he opined that the claimant was moderately limited as understanding, remember, and carrying out simple job instructions and as to abilities following work rules, relating to co-workers, dealing with the public, and using judgment.
> (Exhibit 15F/2-3). These opinions are consistent with the above-discussed evidence. Further, he opined that the claimant had no restriction of activities of daily living, which seems inconsistent with his assessment of marked difficulties. Also, he only opined slight difficulties in maintaining social functioning, despite conversely opining moderate difficulties as to relating to co-workers and the public. Moreover, while he opined no significant limitations as to maintaining personal appearance, as previously indicated, I have given the claimant the benefit of the doubt in finding that she has moderate mental limitations overall, which are accommodated by the residual functional capacity. (Exhibit 15F/3-6).

(Tr. 26-27.)

The Magistrate Judge found, and this Court agrees, that the ALJ properly evaluated Dr. Kaza's opinion. Doc. 21, p. 32-33. The ALJ correctly noted Dr. Kaza was a treating source. (Tr. 26.) He declined to assign this opinion controlling weight, as he afforded it "partial weight," giving "less weight to [Dr. Kaza's] opinions as to marked limitations." (Tr. 26-27.) The ALJ explained these marked limitations were inconsistent with Dr. Kaza's own treatment notes and the opinion itself was internally inconsistent. (Tr. 26-27.) The ALJ cited directly to the record, noting specifically where Dr. Kaza's opinion was inconsistent with the treatment notes. The ALJ observed in June 2015, just a few months prior to Dr. Kaza's opinion, Dr. Kaza found Plaintiff to be talkative, functioning, and learning to cope, with no suicidal thoughts or plans and an

organized thought process. (Tr. 26.) Prior to discussing Dr. Kaza's opinion, the ALJ also provided a detailed overview of Plaintiff's treatment notes from Dr. Kaza's practice, which revealed Plaintiff's medications improved her symptoms and no significant mental status findings upon examination. (Tr. 22-23.)

The Magistrate explained that the ALJ also noted the existence of internal inconsistency with Dr. Kaza's medical opinion. The ALJ observed that on the one hand, Dr. Kaza opined Plaintiff had "no restriction in activities of daily living," which seemed "inconsistent with his assessment of marked difficulties." (Tr. 27.) In addition, the ALJ noted Dr. Kaza found only "slight" difficulties in maintaining social functioning, while "conversely opinion moderate difficulties as to relating to co-workers and the public." (*Id*.)

Moreover, the Magistrate Judge correctly noted that the ALJ's conclusion that Dr. Kaza's findings of marked limitations are entitled to less weight. In March 2014, Plaintiff began to treat at Comprehensive Behavioral Health for depression. (Tr. 581.) She described poor focus, for which Dr. Kaza prescribed Adderall. (Tr. 615.) By November 2014, Plaintiff's mood was stable, her anxiety had decreased, and her Adderall was doing "wonders for her symptoms. (Tr. 615.) In late 2014 and early 2-15, Plaintiff reported depression and difficulty coping with her brother's death. (Tr. 613, 611, 609, 605, 607.) However, Dr. Kaza observed a "bright" appearance and a logical thought process. (Tr. 611.) Plaintiff had food focus and concentration, was sleeping well, and denied panic attacks. (Tr. 609, 602.)

Plaintiff attended grief counseling in April and May 2015. (Tr. 604, 602.) She found the class to be helpful with coping with the loss of her brother. (Tr. 600.) During this time, Dr. Kaza observed a "bright mood," organized thoughts, and improved concentration and anxiety. (Tr. 602, 604, 600.) In December 2015, Plaintiff reported ongoing depression and poor focus, as

well as episodes of staying in bed. (Tr. 736.) Her depression was noted to be worsening, but her thought process was logical. (Tr. 742, 743.)

In early 2016, Plaintiff lost her insurance and this led to increased anxiety. (Tr. 791, 786.) However, she was able to get back on her medications, and by November and December 2016, they were working. (Tr. 751, 747.) She continued to report depression, secondary to several family-related stressors. (*Id*.) In December 2016, Plaintiff underwent a consultative examination with Dr. Bousquet, where she confirmed her medications were helpful and she denied the need for any psychiatric hospitalization. (Tr. 724.) Dr. Bousquet concluded Plaintiff would have difficulty managing stress and pressure, but could carry out simple and multi-step tasks. (Tr. 729-730.) These treatment notes establish Plaintiff does have some degree of mental limitation, which the ALJ acknowledged, but not to the marked degree as opined by Dr. Kaza.

Plaintiff does not deny that there is substantial evidence to support the ALJ's conclusion that Dr. Kaza's findings of marked limitations are entitled to less weight. Nor does Plaintiff dispute that the inconsistencies in Dr. Kaza's opinion described above are reasonable bases to discount that opinion. Rather, Plaintiff merely asserts in her objection that the ALJ failed to consider "evidence of fluctuation in Plaintiff's mental disorders." Doc. 22, p. 2. Plaintiff emphasizes that "[t]he record as a whole documents evidence of severe mental health impairments that significantly limit Ms. Mason's ability to work and treatment notes that, at times, support a lesser degree of limitations." (*Id*.) Plaintiff's objection is not well-taken, for a number of reasons.

To begin, as the Magistrate stated:

> It is unclear how this relates to Dr. Kaza's opinion, because he did not provide any indication in his opinion that [Plaintiff's] condition or limitations were in flux. (*See* Tr. 683-686.) [Plaintiff] seems to suggest that because of the fluctuations in her mental health

8

> condition, the ALJ should have disregarded all of the normal examination findings made by Dr. Kaza in the treatment notes. (*See* Doc. No. 15 at 2-3.) However, the ALJ has an obligation to consider the record as a whole, not simply the evidence which [Plaintiff] believes supports a finding of disability. *See Majeed v. Comm'r of Soc. Sec.*, 2017 WL 5952878, *6 (N.D. Ohio Oct. 12, 2017)("The ALJ has the responsibility for reviewing all the evidence in making his determinations.") ***

Doc. 21, p. 35. Indeed, Plaintiff in her objection acknowledges that "[t]he entire record needs to be considered together." Doc. 22, p. 2.

Further, as the Magistrate aptly noted, the ALJ did acknowledge the "fluctuating nature" of Plaintiff's mental impairments. (Tr. 25.) Indeed, the ALJ specifically discussed how Plaintiff's counselor reported that her anxiety and depression "waxes and wanes," and that Plaintiff's "mood is labile and depends mostly on the situation." (*Id.*) However, the ALJ concluded the RFC "more than fully accommodates" Plaintiff's depression and anxiety. (*Id.*) Plaintiff has not explained how the RFC assessment does not properly account for the "fluctuating nature" of her mental health impairments.

For the reasons discussed, the ALJ adequately explained and gave good reasons why he chose to give "little weight" rather than controlling weight to Plaintiff's treating physician in this case. The ALJ ultimately concluded that although Dr. Kaza did treat the Plaintiff, his findings were inconsistent with the evidence, and therefore did not need to be afforded controlling weight. The Court agrees. The ALJ sufficiently supported his decision and adequately justified his rejection of Dr. Kaza's opinion as being inconsistent with the objective medical evidence. The Plaintiff's objection is OVERRULED, the Magistrate Judge's Report and Recommendation is ADOPTED, and the decision of Defendant is AFFIRMED.

**III. CONCLUSION**

Based upon the reasons stated herein, the Plaintiff's objection to the Magistrate Judge's Report and Recommendation is OVERRULED. Accordingly, the report and recommendation of the Magistrate Judge is hereby ADOPTED, and the matter is DISMISSED.

IT IS SO ORDERED.

DATE: August 13, 2019             */s/ John R. Adams*_____
                                  Judge John R. Adams
                                  UNITED STATES DISTRICT COURT